{¶ 105} In Jeffries' second assignment of error, the majority reverses her conviction based upon the proposition that "the trial court committed reversible error when it allowed the October 28, 2002 statement [made by Jeffries to Maryann Feathers, the defense polygraphist] to be heard by the jury." Since the trial court's admission of this statement into evidence was not error, I respectfully dissent.
 {¶ 106} The majority admits that "the parties were not engaged in active plea discussions" at the time Jeffries made her statement to polygraphist Maryann Feathers on October 28, 2002, and correctly concludes that the Ohio Supreme Court's decision in State v.Frazier, 73 Ohio St.3d 323, 1995-Ohio-235, did not apply since "Feathers was not an agent of the state." The majority subsequently creates a legal and logical fiction by concluding that Evid.R. 410 applied,despite the inapplicability of Frazier, merely because thissame statement was later forwarded to the prosecution "in the course of plea discussions." *Page 29 
 {¶ 107} Evid.R. 410 provides, in relevant part, that "evidence of the following is not admissible in any * * * criminal proceeding against the defendant * * * who was a participant personally or through counsel in the plea discussions:
 {¶ 108} "Any statement made in the course of plea discussions in which counsel for the prosecuting authority or for the defendant was a participant and that do not result in a plea of guilty or that result in a plea of guilty later withdrawn." Evid.R. 410(A)(5).
 {¶ 109} A reading of the Staff Notes to Evid.R. 410 reveals that the rule was amended on July 7, 1991, to comport with changes made to the corresponding Federal Rule, which were made in response to federal courts reading the rule broadly to "cover some statements made during `plea bargain' discussions between defendants and police officers." These decisions raised concerns among the drafters of the federal rule "that an otherwise voluntary admission to law enforcement officials [might be] rendered inadmissible merely because it was made in the hope of obtaining leniency by a plea." Thus, Federal Rule 410 was amended to specify that "only plea discussions with the `attorney for theprosecuting authority' are covered by the rule." (Emphasis added).
 {¶ 110} The Staff Notes to Ohio Evid.R. 410 further specify that "[t]he amendment [of July 7, 1991] incorporates the same limitation intothe Ohio Rule. It is intended to clarify an area of ambiguity. The amended rule is designed to protect plea bargaining statementsinvolving attorneys in order to promote the disposition of criminal cases by compromise. Statements made by an accused to police are not covered by this rationale." (Emphasis added); see also Frazier,73 Ohio St.3d at 336.
 {¶ 111} The majority notes in distinguishing Frazier, that Feathers, "was not an agent of the state," but a polygraphist hired by defense counsel. I agree with this *Page 30 
conclusion. It then necessarily follows that Evid.R. 410 cannot possiblyapply, since, according to the Staff Notes to the rule, Feathers is clearly not an "attorney for the prosecuting authority."
 {¶ 112} This should be the end to our inquiry.
 {¶ 113} In effect, the majority attempts to convert a previously rendered statement which is clearly not subject to the protections of Evid.R. 410 (i.e., one made to a non-attorney) into a statement whichis subject to the rule's protections through the mere act of defense counsel handing the prosecution a copy upon request. The majority justifies its conclusion by stating that "[b]ut for the state's request for the statement * * * [it] would not have been `made in the course of plea discussions.'" It then incorrectly applies the Frazier test to exclude the statement, by stating that while Jeffries "may not have had a subjective expectation that her counsel was preparing for a plea negotiation at the time the statement was given, * * * she definitely had such an expectation by the time the statement was presented to the prosecutor in the Spring of 2003." (Emphasis added).
 {¶ 114} This conclusion ignores the fact that courts have repeatedly refused to treat statements made to third parties and subsequently provided to prosecutors as separate "statements" for the purpose of an analysis under Evid.R. 410. See State v. Dehler (July 14, 1994), No. 65716, 1994 Ohio App. LEXIS 3103, at *25 (A letter sent by appellant to a judge admitting certain allegations and requesting placement into a pre-trial diversion program, which was subsequently forwarded to theprosecution and used at trial was found not to violate Evid.R. 410, since the "request to enter a pre-trial diversion program * * * is not equivalent to a[n] * * * offer to plead * * * as is required in order to invoke the proscription contained in Evid.R. 410."); United States v.Ceballos (C.A.11, *Page 31 
1983), 706 F.2d 1198, 1203 (A letter sent by defendant to the United States Marshall following his arrest for delivery to the DEA agent in charge of his case, and subsequently admitted into evidence did "not come within the terms" of Evid.R. 410, since the accused, in his letter, "did not offer to plead guilty" and the letter "was not addressed to an attorney for the government."); Bottoson v. State (Fla. 1983),443 So.2d 962, 965 (A letter documenting a criminal defendant's jailhouse admission of a crime, which was given to two ministers "to enlist their support in negotiating a plea," with prosecutors was deemed admissible under Evid.R. 410, since "[t]he ministers were not agents for the state.").
 {¶ 115} Furthermore, the majority, in erroneously attempting to apply the Frazier test after concluding it did not apply, ignores the main purpose of the test, i.e., to determine whether or not a statement given to prosecutors by a criminal defendant is subject to theprotections of Evid.R. 410. The reason the test was originally created was because criminal defendants were alleging certain statements made to prosecutors were "in the course of plea discussions" and therefore, subject to the rule, when in fact, they were not. In other words, not all statements made by defendants to prosecutors regarding possible leniency in return for cooperation should be considered "in the course of plea discussions," depending on whether or not the Frazier factors are satisfied.
 {¶ 116} The Frazier test examines whether a statement made by a defendant during the course of an alleged plea discussion is admissible by (1) determining whether, at the time of the statement, the accused had a subjective expectation that a plea was being negotiated; and, if so, (2) the court must then determine whether the *Page 32 
accused's expectation was reasonable under the circumstances.73 Ohio St.3d 323, at syllabus. Accordingly, to be properly applied, theFrazier test specifically requires that Jeffries, at the time thestatement was made, must have had a "subjective expectation that a plea was being negotiated."
 {¶ 117} "Plea bargaining is defined, in part, as `the process whereby the accused and the prosecutor in a criminal case work out a mutually satisfactory disposition of the case subject to court approval.`" Id. at 336 (citation omitted). "[I]n order to trigger the protection of Evid.R. 410, the parties must actually be involved in plea negotiations." Id.
 {¶ 118} As the majority notes, Jeffries' defense attorney admitted during the hearing on the motion to suppress that the sole purpose at the time Jeffries' made her statement to Flowers was to "test[ ] [Jeffries] on the new story * * * that she told us." Accepting this as true, Jeffries could not have possibly had any reasonable expectation,at the time the statement was made, that a plea was being negotiated. Put another way, the majority cannot apply the Frazier test while simultaneously ignoring its temporal requirement.
 {¶ 119} For these reasons, the trial court did not abuse its discretion, or even err, by admitting Jeffries' statement to Feathers into evidence.
 {¶ 120} Moreover, even if the act of handing the prosecutor Jeffries' written statement could have been construed as a separate statement, it is well-settled that the exclusionary provisions under Evid.R. 410 can be waived, provided the waiver is knowing and voluntary. United Statesv. Mezzanatto (1995), 513 U.S. 196, 210; State v. Miller (Oct. 31, 1997), 2nd Dist. No. 15552, 1997 Ohio App. LEXIS 4774, at *7-*8. *Page 33 
 {¶ 121} The majority's opinion elects not to directly address the subject of waiver with regard to Jeffries' October 28, 2002 statement to Feathers. Instead, the majority attempts to justify reversal of the Jeffries' convictions on the basis of alleged "cumulative" errors by concentrating solely upon an alleged "forced" waiver of Jeffries' properly suppressed June 2, 2003 statement. Such a conclusion is not supported by the record.
 {¶ 122} Even if we were to assume, arguendo, that Jeffries' October statement to Feathers had been privileged there was ample evidence in the record to support a finding that this privilege had been voluntarily waived. As a result, defense counsel's later decision to allow for the admission of the June 2, 2003 statement at trial, which the court had previously suppressed, was simply a matter of trial strategy and not "forced error," as the majority incorrectly contends.
 {¶ 123} For these reasons, the judgment of the Lake County Court of Common Pleas should be affirmed. *Page 1